**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GEORGE GOULD,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF NEW HAVEN, ET AL.,<br><br>*Defendants*. | No. 3:25-cv-934 (KAD)<br><br>August 17, 2026 |

**DEFENDANT CITY OF NEW HAVEN'S**
**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

1. Paragraphs 1, 3, 90–105, 107–111, 144–150, and 175–179 are denied.

2. As to paragraphs 2, 4–5, 10, 21–89, 112, 114–121, 123–129, 131–136, 138–142, 152–157, 159–162, 164–168, 170–173, and 181–185, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

3. Paragraphs 6, 7, and 8 state conclusions of law to which no response is required. To the extent a response is required, the City does not contest subject matter jurisdiction or venue in this Court.

4. As to paragraph 9, the City admits the plaintiff has demanded a jury trial.

5. As to paragraph 11, the City admits it is a Connecticut municipality, that the New Haven Police Department is a municipal department, and that the City employed New Haven Police Department personnel, but denies the remaining

allegations of this paragraph. The City lacks knowledge or information sufficient to form a belief about the truth of the allegation that every individual alleged to have been an employee of the City was acting within the scope of his or her employment at every relevant time and specifically denies that its employment of any individual identified in the Fourth Amended Complaint renders it liable for the alleged conduct of that individual.

6. As to paragraphs 12 through 20, the City admits that Brian Sullivan, Keith Wortz, Leroy Dease, Percy Gethers, Daniel Gleason, Gil Burton, Stephen Coppola, Matthew Merced, and Othoniel Reyes were, at some time, employed as officers of the New Haven Police Department. As to the identity and capacity of personal representatives in paragraphs 14 and 15, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein. As to paragraph 18, the City admits that Stephen Coppola later became an investigator for the State of Connecticut. The remaining allegations in these paragraphs are denied.

7. As to paragraph 106, the defendant admits that the Connecticut Supreme Court issued the decisions cited, which speak for themselves. Otherwise, denied.

8. The defendant incorporates its prior responses to paragraphs 113, 122, 130, 137, 143, 151, 158, 163, 169, 174, and 180 as if more fully set forth herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of common-law governmental immunity.

### THIRD AFFIRMATIVE DEFENSE

The City has no obligation with respect to any individual defendant entitled to absolute immunity, qualified immunity, or testimonial immunity as to the conduct alleged.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims, or some of them, are barred by the applicable statutes of limitations or repose, Conn. Gen. Stat. §§ 52-577, 52-584 and/or 7-465.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The City claims the protection of the doctrine of res judicata, to the extent claims or issues were conclusively determined in prior proceedings.

### SEVENTH AFFIRMATIVE DEFENSE

The City claims the protection of the doctrine of collateral estoppel, to the extent claims or issues were conclusively determined in prior proceedings.

**EIGHTH AFFIRMATIVE DEFENSE**

The City has no indemnification obligation pursuant to Conn. Gen. Stat. § 7-465 because the plaintiff did not file a written notice of intention to sue with the City Clerk within six months after one or more of the causes of action pled in the complaint accrued, and/or because the individual employee/defendants were not acting in the performance of their duties and/or within the scope of employment at the relevant times alleged in the Complaint, and/or because the alleged injury was the result or a willful or wanton act of any such employee/defendant in the discharge of such duty.

**NINTH AFFIRMATIVE DEFENSE**

The City has no liability under Conn. Gen. Stat. § 52-557n because the actions of the individual employee/defendants as alleged were not within the scope of employment or official duties; and/or the acts or omissions of any such individual employee/defendant constituted criminal conduct, fraud, actual malice or willful misconduct; and/or because the actions of any such individual employee/defendant as alleged were negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

**TENTH AFFIRMATIVE DEFENSE**

The City is not liable, and is immune under Conn. Gen. Stat. § 52-557n(b)(6), for acts or omissions of any person who, at the time of the acts or omissions alleged, was not an employee, officer, or agent of the City, including any investigator or other

employee of the State of Connecticut and any attorney or employee of the Office of the State's Attorney.

**ELEVENTH AFFIRMATIVE DEFENSE**

If plaintiff suffered the injuries and damages alleged, any recovery must be proportionally reduced to the extent required by Conn. Gen. Stat. § 52-572h.

**TWELFTH AFFIRMATIVE DEFENSE**

If plaintiff suffered the injuries and damages as alleged, the City can only be held liable to the extent such injuries and damages were reasonably foreseeable at the time of any constitutional violation attributed to it, and is not liable for injuries or damages caused by the intentional acts of third parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent the plaintiff has received or hereafter receives compensation on account of his conviction or incarceration, including without limitation any award pursuant to Conn. Gen. Stat. § 54-102uu, any judgment against the defendant must be reduced or set off by the amount of such compensation.

**JURY DEMAND**

The defendant demands a trial by jury.

Respectfully submitted,

/s/ *Tadhg Dooley*

Tadhg Dooley (ct29364)
Daniel Passeser (ct32099)
Armando Ghinaglia (ct31859)
Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06510
(203) 498-4400
tdooley@wiggin.com

*Counsel for Defendant City of New Haven*